Judge Underwood,
delivered the opinion of the court.
TaRuton, &.c. tiled their bill against William and Benjamin Talbott, with a view to subject -a -debt or account dae by said Benjamin to said Wil« -iiam, or properly in the possession of said Benjamin ' owned by said William, to the payment of a judgment .obtained against said William, and upon which execution had issued and been returned by the proper officer nulla bona. The court gave a decree against the Talbotts for the amount of the judgment and costs at lave,, and the costs of this suit, to reverse which decree, this writ of error is prosecuted.
The only question presented by the assignment of error is, whether the allegations of the bill are suffi-cient to warrant tbe decree upon taking the bill for confessed. The decision must turn upon the effect of the following extract:
“Your orators would state, that a certain Benjamin Talbott is indebted to said William Talbott by note or •account, and has in bis hands or possession, property be•longing to said William iaibott, toa greater amount than the judgment aforesaid. That they know not exactly how much he owes said William, nor 'in what way, or, if it is property he holds belonging to said William, they know not what kind or how-much, but they are credibly informed, and they believe, he owe,s’ :more than will coversaid judgment.”
This is the most delinite charge in the bill relative to the indebtedness of Benjamin Talbott to William. We are of opinion, that itis too loose to justify any decree upon 'the bill taking it for confessed. What does Benjamin'Talbott admit? To give .an answer most favorable to .the defendants in error, it cannot amount to more than an acknowledgment that he owed or held ■property of William Talbott’s, in value sufficient to pay the judgment against him and something exeeeding|it, that how much above cannot be told; and'whether it was a' debt or property is altogether uncertain.. Now. *642 if it was a debt due, Hie court might properly decree, that Benjamin Talbott should pay the defendants in errQr amoun(; 0f (be judgment at law, and that William Talbott should allow Benjamin credit for tnc amount thus to be paid. But if it was property, all the court ought to do, would be to direct a sale, coerce its delivery to the commissioner, and see the proceeds -applied to the extinguishment of the judgment.
"DePt. not • bound-to-anth^oom *l’t in'ina-kini; out his case unJess on discov «ry prayc .
’Oarnishec _ who acts inn-ponsiblc for" more than ho lias in ins ^creditor!0
If the property should die (supposing it to be perishable live stock,) before this could be done, then the ..plaintiff in error, B. Talbott, would be exonerated. But, as the decree now stands, if B. Talbott was possessed of William’s property,and has been deprived of it without fault, a loss is made -to fall on him equal to the amount of the judgment at law. Proceedings so ■' uncertain, and which may produce such injurious consequences, cannot be tolerated.
.If Benjamin Talbott was possessed of property, owned by William, and to which he asserted no claim, and was guilty of no fraud in attempting to conceal it from William’s creditors, it may be doubted, whether the possession of such property, as it might he reached • by execution, would, in a case like the present, confer jurisdiction in a court‘of chancery.
It may be urged, that B. Talbot thas no right to coin-plain, because lie did not answer and render it certain, whether he was indebted or held William’s property, '^e hnow-í>f no rule which makes it the duty of a defendant to help the complainant to establish his cause of action or grounds of relief, -except in cases of discovery. The present bill docs not assume that charactherefore, we shall not use the indefinite and vague suggestions of the bill by way of punishment to the plaintiffs in error.
Even if it liad been proper to decree against Benjamin Talbott,.the'amount of the judgment at law, it was erroneous (0 decree the costs of this suit against him, because Hie allegations of the bill are wholly insufficient to show that the debt due by him, or the .property in his hands, owned by his co-defendant, was sufficient to Pay am0'rni: °f these costs after discharging the judgment at- law, and because a garnishee should never beheld responsible for more than he has in his hands be *643 longing to the debtor whose effects or dioses in action are attached. / '
T. Marshall, for plaintiffs; Depero, for defendants.
Decree reversed with costs, and cause remanded, ■ with directions to dismiss the bill without prejudice.